38 F.3d 1221
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
and
Susan ANDERSON, Steve Anderson, Judy Mercer, Clyde W.
Mercer, Plaintiffs-Intervenors-Appellees,
v.
Wes WINTERS, Jr., doing business as Wes Winters Resort Park,
Defendant-Appellant.
 Nos. 93-2278, 94-2025.
 United States Court of Appeals, Tenth Circuit.
 Oct. 20, 1994.
 
 Before TACHA, BRORBY, Circuit Judges, and KANE,** Senior District Judge.
 ORDER AND JUDGMENT[1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 Defendant-appellant Wes Winters, Jr., owns and operates a park for manufactured residential homes in Albuquerque, New Mexico. He was sued by the United States on behalf of Clyde and Judy Mercer and Susan Anderson[2] for violations of the Fair Housing Act, 42 U.S.C. 3601-3631(Act). Specifically, defendant was charged with refusing to rent or negotiate for the rental of, or otherwise making unavailable a dwelling to a person because of familial status, in violation of 42 U.S.C. 3604(a); making statements with respect to the rental of a dwelling indicating preference, limitation, or discrimination based on race, color, religion, familial status, or national origin, or an intention to make such a preference, limitation, or discrimination, in violation of 42 U.S.C. 3604(c); and interfering with persons in their attempts to exercise their rights or assist others in exercising their rights granted or protected under 42 U.S.C. 3604, in violation of 42 U.S.C. 3617. After a three-day trial to the court, the court found against the defendant on all particulars and entered a four-part judgment against him. The first part of the judgment ordered defendant to pay compensatory and punitive damages to plaintiffs-intervenors. R. Vol. IV, tab 200 at 1-2. Part II of the judgment permanently enjoined defendant from
 (1) [r]efusing to rent or negotiate for the rental of, or otherwise making unavailable a dwelling to a person because of familial status; (2)[m]aking statements with respect to the rental of a dwelling indicating preference, limitation, or discrimination based on race, color, religion, familial status, or national origin, or an intention to make such a preference, limitation, or discrimination; and (3) interfering with persons in their attempts to exercise their rights or assist others in exercising their rights granted or protected under 42 U.S.C. 3604.
 Id. at 2-3. Part III of the judgment specified a timetable by which defendant was required to take certain ameliorative actions, id. at 3-4, and part IV required defendant to maintain records by which his compliance with the injunction could be monitored and to submit this information to counsel for the United States biannually for a period of three years from the date of the order. Id. at 4. The court retained jurisdiction of the action "for all purposes," id. at 5, and later amended the order to grant attorneys' fees to plaintiffs-intervenors, id., tab 230.
 Defendant challenges the court's legal determinations and appeals the subsequent award of fees. Because we find no error on the part of the district court, we affirm.
 We note initially that no final order has been entered in this case. Our first task, therefore, is to inquire into our own jurisdiction. McGeorge v. Continental Airlines, Inc., 871 F.2d 952, 953 (10th Cir.1989)(identifying duty of court to determine its own jurisdiction). Ordinarily, only final orders of the district court are appealable. 28 U.S.C. 1291. However, courts of appeals also have jurisdiction over interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions...." 28 U.S.C. 1292(a)(1). While defendant does not explicitly argue that the court erred in imposing the permanent injunction, he does urge that certain evidence was improperly excluded from his trial, that the park, as a "new" development, was statutorily exempt from the provisions of the Act, and that his evidence of nondiscrimination was not properly credited. Because the issues defendant raises on appeal formed the basis for the injunction, they are also within our jurisdiction. See Colorado v. Idarado Mining Co., 916 F.2d 1486, 1491 (10th Cir.1990)(recognizing jurisdiction over matters closely related to the grant of an injunction), cert. denied, 499 U.S. 960 (1991); cf. Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc., 874 F.2d 1346, 1351 (10th Cir.1989)(finding jurisdiction to review "all reasons underlying the district court's denial of the injunction").
 Defendant's first contention is that the district court erred in refusing to allow him to call certain witnesses and to enter certain documentary evidence at trial. "Where a trial judge excludes evidence and the offering party has interposed a proper objection at trial, we will reverse only if the exclusion is an abuse of discretion that results in 'manifest injustice to the parties.' " Thompson v. State Farm Fire & Casualty Co., No. 93-7054, 1994 WL 415153, at * 6 (10th Cir. Aug. 9, 1994)(quoting Angelo v. Armstrong World Indus., Inc., 11 F.3d 957, 960 (10th Cir.1993)). Defendant apparently wished to call "HUD inspectors" and expert witnesses familiar with the Fair Housing Act to testify. See Appellant's Br. at 1. Defendant, however, fails to explain what their testimony would have been and how it would have changed the outcome of his trial. With reference to defendant's wish to introduce certain drafts of HUD documents produced during the investigatory phase of this case, we note that such materials are rarely subject to civil discovery, see FTC v. Grolier Inc., 462 U.S. 19, 27 (1983), and that even if they had been admitted, defendant has not shown that they would have changed the result here by verifying the existence of facilities specifically designed for older people beyond those typical facilities provided in many adult communities. Defendant has therefore failed to demonstrate the manifest injustice required for us to reverse the district court on these evidentiary issues.
 
 
 1
 Defendant also argues that he was prevented from entering into the record the portion of the Federal Register containing the Final Rule for the Fair Housing Amendments Act of 1988. Defendant's statements in this regard are inaccurate as the document was plaintiffs' exhibit 64 and was admitted into evidence on the first day of trial. See R. Vol III, tab 179 at 5; R. Vol. V at 10.
 
 
 2
 Defendant's second argument is that his development was a "new" development and was thus exempt under 24 C.F.R. 100.304(c) from the Act's requirements until twenty-five percent of his lots were occupied. That exemption by its terms, however, applies only to housing facilities which opened after March 12, 1989. 24C.F.R. 100.304(c). Defendant himself testified that the park opened during the first part of 1987, R. Vol. VI at 481, thus making this exemption inapplicable to defendant.
 
 
 3
 Finally, defendant takes exception to the refusal of the district court to credit testimony by his witnesses tending to establish that he does not discriminate on the basis of race or religion. The only charge against defendant involving race and/or religion is the charge that he made "statements with respect to the rental of a dwelling indicating preference, limitation, or discrimination based on race, color, religion, familial status, or national origin, or an intention to make such a preference, limitation, or discrimination, in violation of 42 U.S.C. 3604(c)." R. Vol. I, tab 1 at 3. There is substantial evidence in the record to support the court's finding that defendant made such statements. See R. Vol. V at 44-45; R. Vol. VI at 284-85; R.Vol. VI at 318. Moreover, the district court as the trier of fact was free to resolve the testimony and witness credibility in the manner it did. See Ball Corp. v. Xidex Corp., 967 F.2d 1440, 1445 (10th Cir.1992)(district court's finding of fact and witness credibility reversible only if clearly erroneous).
 
 
 4
 We review the district court's decision to award attorneys' fees for abuse of discretion, with the amount of such fees to be determined by the facts in each case. Steele v. Title Realty Co., 478 F.2d 380, 385 (10th Cir.1973). Under the Act, a court has discretion to allow the prevailing party reasonable attorneys' fees and costs. 42 U.S.C. 3612(p). We find no abuse of discretion in the court's award of fees.
 
 
 5
 Defendant's request for attorneys' fees is DENIED, and the judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Steve Anderson later joined with his wife, Susan, and the Mercers to intervene in the suit as plaintiffs-intervenors